JOHN S. HAGLER v. JOHN E. FERGUSON.

Decided April 11, 1908.

1.—Broker—Revocation of Power—Execution of Contract.

The execution of a contract is not complete until it is delivered by the maker or one having authority to do so. Where it appeared from the undisputed evidence, in a suit to enforce specific performance of a contract to sell land or for liquidated damages, that the contract in writing for the sale of the land in controversy was not delivered by the broker or agent until after the authority of the agent to sell on the terms stated in the contract had been revoked by the principal, a peremptory instruction to find for the defendant was proper.

2.—Principal and Agent—Sale of Land—Power of Agent.

Authority granted an agent to sell a certain tract of land at a certain price per acre and on certain terms of payment would not authorize the agent to make a contract of sale whereby the owner was bound to pay a certain amount per day as liquidated damages in case of breach of the contract by him, and to secure said damages by a lien on the land.

Appeal from the District Court of Swisher County. Tried below before Hon. L. S. Kinder.

No briefs furnished the reporter.

SPEER, ASSOCIATE JUSTICE.—Appellant, as plaintiff below, instituted this suit against appellee as defendant for specific performance of a contract to convey certain lands, and in the alternative for liquidated damages as therein stipulated, the contract reading as follows:

"The State of Texas, }
County of Tarrant. }

"Know all Men by these Presents: That we, Jno. E. Ferguson, et al., by and through our agents and attorneys in fact, W. R. Evants and James P. Hagler, have this day, and by these presents contract and sell and to make a good and sufficient title and deed of conveyance within sixty days from the date hereof to John S. Hagler of and to the following described land: (here the land in controversy was described). The consideration of the sale of said land being $4.50 per acre, the sum of $1.00 per acre, of $72,000, to be paid in cash, and the balance of said purchase price, being $3.50 per acre, is to be paid in six equal installments, drawing interest at the rate of six percent per annum from date, with the privilege of paying said notes before maturity, for which the said Jno. S. Hagler is to give his notes with a vendor's lien upon said land. Of the cash payment of $72,000, $10,000 is to be deposited in the First National Bank of Ft. Worth, Texas., together with a duplicate copy of the contract of sale, and there to remain until the said Jno. E. Ferguson, et al., by themselves or through their agents or attorneys in fact, W. R. Evants and Jas. P. Hagler, deliver to said bank a good and sufficient warranty title to all of said land for the said Jno. S. Hagler. The balance of said cash payment of

$72,000, or $62,000, is to be paid upon the delivery of a good and sufficient title or deed of conveyance, properly executed and acknowledged, to said land by the parties conveying the same. And the said Jno. E. Ferguson, et al., or their agents or attorneys in fact, are hereby empowered upon the delivery by them, or their agents or attorneys in fact, of their deed as aforesaid, to take and draw down said deposit of $10,000 and to receive the said vendor's lien notes for the said $252,000 remaining purchase money for said land. And the said bank is hereby authorized by the said Jno. E. Ferguson, et al., or their agents or attorneys in fact, to deliver to the said Jno. S. Hagler the said deed and conveyance in writing to the said seventy-two thousand acres in Bailey County, Texas; and the same shall vest in the said Jno. S. Hagler, a full and sufficient title to the said seventy-two thousand acres of land, subject, however, to the said vendor's lien notes retained on said land for the balance of the purchase money, as hereinbefore stated.

"The said Jno. E. Ferguson, et al., do hereby accept and ratify any and all acts done by authority of this agreement with the said Jno. S. Hagler by the bank hereinbefore mentioned.

"It is further agreed by the said Jno. E. Ferguson, et al., that in the event the said John S. Hagler makes and deposits with the First National Bank, heretofore referred to, the said sum of $10,000 as a part of the purchase money of said seventy-two thousand acres of land in said Bailey County, Texas, and in the event the said Jno. E. Ferguson, et al., do not by themselves or through their agents or attorneys in fact, execute and deliver to the said Jno. S. Hagler a good and sufficient title and deed of conveyance to said land, duly and properly signed and acknowledged, for him and in his behalf, through the said bank within or before the expiration of the said sixty days hereinbefore mentioned, then the said John S. Hagler is hereby empowered, and we hereby agree that he may take down, take from, receive and withdraw from said bank the said sum of $10,000 so deposited by him with said bank as a part of the purchase money of said land, together with all vendor's lien notes that he may have executed therefore and deposited with said bank, and the same shall be considered of no further force and effect against him, and we hereby release him from all further obligations for the purchase money for said land or damages from the non-performance of said contract of purchase; and we furthermore agree with the said Jno. S. Hagler to forfeit and pay to him, his heirs, executors, administrators, or assigns, the sum of $50 per day for each and every day after the expiration of the sixty days hereinbefore mentioned, as liquidated damages for the non-performance of said contract of sale on the part of the said Jno. E. Ferguson, et al., and the failure on our part to make, execute and deliver to him a deed of conveyance in writing and a good and sufficient title to all of the land hereinbefore referred to.

"And we, the said Jno. E. Ferguson, et al., do hereby give and guarantee unto the said Jno. S. Hagler, his heirs, executors, administrators or assigns, a lien upon the seventy-two thousand acres, just before referred to, as a security for the payment on our part to

the said Jno. S. Hagler, of all liquidated damages agreed to be paid to him and provided for in this contract, should we fail to carry out and perform this contract for any reason whatsoever.

"Witness the hands of the said Jno. E. Ferguson, et al., and of his agents and attorneys in fact, W. R. Evants and Jas. P. Hagler, at Fort Worth, Texas, August 15, 1906, to this contract of sale, which said contract is made in triplicate.

> W. R. Evants,
> Jas. P. Hagler,
> Jno. E. Ferguson,
> By Evants & Hagler."

At the conclusion of the evidence the trial court instructed the jury to return a verdict for the defendant, and from a judgment on this verdict the plaintiff has appealed.

Appellant's evidence tended to show that W. R. Evants and James P. Hagler were the duly authorized agents of appellee Ferguson to enter into a contract of sale for the lands in controversy at the price stipulated in the contract above set out. But the evidence indisputably shows that on August 15, 1906, the day the above contract bears date, the appellee revoked the authority of his agents to sell for a sum less than four dollars and seventy-five cents per acre net to him, and that the contract sued on though bearing date August 15 and though it was drawn and signed by James P. Hagler on that date, was not signed by W. R. Evants until August 18, 1906, on which latter day the instrument was for the first time delivered by the agents of Ferguson. The testimony shows without dispute that the contract and the check for ten thousand dollars as earnest money drawn by appellant, remained in the possession of appellee's agent, James P. Hagler, until the 18th of August, when it was delivered to a bank in Forth Worth in escrow. This is fatal to any recovery by appellant, since the execution of the contract sued on was not completed until its delivery on August 18, which was after the power of the agents to sell had been revoked.

There is another sufficient reason to justify the peremptory instruction to find for defendant, in this, that the evidence, viewed in the most favorable light to appellant, did not authorize appellee's agents, Evants and Hagler, to agree with the purchaser that appellee would pay the sum of fifty dollars per day as liquidated damages for breach of his contract, and create a lien upon his land to secure the same. The most that can be said of their authority is that they were authorized to enter into a written contract to convey for the sum of three dollars and fifty cents per acre net to appellee, with from forty to one hundred thousand dollars as a cash payment and the balance in annual payments of from one to ten years at six percent interest. It can not be said that the power to make a contract of sale carries with it as an incident thereto the power to bind the seller in a penalty for a breach of such contract. The one is not essential to the other. The precise question appears to have been decided in Michael v. Hoffstead, 98 N. W., 1078. A husband wrote

his wife the following letter: "Fort Morgan, Colo., Dec. 8, 1900. Dear Wife: Your letter received in regard to selling the farm. Now I think it is cheap at $50 per acre. We should have $100, but you know I can't stay in Nebraska and have good health so I leave it all to you. You can do as you think best. Use your own judgment and get as good a price as you can for the place, Yours, I. Michael." The wife not only sold the land, but executed a contract binding her husband to pay five hundred dollars as liquidated damages for breach of the contract to convey, but the Supreme Court of Nebraska held that the above letter constituted no evidence of authority for the wife to execute the agreement for liquidated damages. So, here, we find no evidence whatever in the record even tending to show that the agents had authority to make the most unusual contract for liquidated damages shown in the foregoing agreement.

For these reasons the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error granted and judgment affirmed, 102 Texas, 432.